United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICOLE WILSON,

        Plaintiff,

   v.

CITY OF OAKLAND, *et al.*,

        Defendants.
_____/

No. C-11-05377  DMR

**ORDER REASSIGNING CASE TO DISTRICT JUDGE; REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS TO DISMISS AND TO DISMISS PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND**

    Plaintiff Nicole Wilson, proceeding *pro se*, brings suit to recover damages for various tortious, constitutional, and civil rights violations, as well as to seek review of a decision of the California Court of Appeal. Defendants City of Oakland ("Defendant City") and County of Alameda ("Defendant County") move pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (*See* Def. City's Mot. Dismiss [Docket No. 16]; Def. Cnty.'s Mot. Dismiss [Docket No. 17].) Wilson properly served Defendant State of California, [Docket No. 10] but it has not made an appearance in this case and therefore must be treated as a party that has not consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] The court thus orders

---

[1] Where a named defendant has been properly served, it is considered a party and its consent is required pursuant to § 636(c) to proceed before a magistrate judge. *See Ornelas v. De Frantz*, No. C 00-1067, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (holding that consent of non-served defendant not required under § 636(c)); *Third World Media, LLC v. Doe*, No. C 10-04470, slip op. at 3 (N.D. Cal. Sept. 15,

1  that the case be reassigned to a District Judge.  For the reasons set forth below, the court
2  recommends to the District Judge that Defendants' motions be granted and that Plaintiff's complaint
3  be dismissed with prejudice.

**I. Background and Procedural History**

On June 15, 2006, an Oakland Police Department Task Force raided Plaintiff's home and arrested her for suspected involvement in the robberies of a store and of an elderly woman. (*See* Compl. 12, 56.)[2] During the raid and arrest, Plaintiff was denied prescription asthma medication, and her dogs and birds were released from her house. (*See* Compl. 12.) The District Attorney did not file charges against her, and she was released from jail. (*See* Compl. 12.) On the date of the arrest or shortly thereafter, Child Protective Services ("CPS") took custody of Plaintiff's two-year-old son and placed him in foster care. (*See* Compl. 12.) On June 19, 2006, Plaintiff met with CPS staff who told her that if the charges against her were dropped and if her home were appropriate, she would regain custody of her son. (Compl. 12.) On July 4, 2006, one or more Oakland police officers went to Plaintiff's house to apologize and asked whether she got her son, dogs, and birds back. (Compl. 2.)

On August 24, 2006, the Juvenile Division of the Alameda County Superior Court held an initial hearing and found Plaintiff's son to be a dependent and placed him with a foster family. *In re W.W.*, No. A121180, 2009 WL 691882, at *1 (Cal. Ct. App. Mar. 17, 2009) ("*In re W.W. I*"). On February 7, 2008, the juvenile court found that Plaintiff had met her burden under the relevant statute and declined to terminate her parental rights. *Id.*; *see also In re W.W.*, No. A125409, 2010 WL 1858238, at *6 (Cal. Ct. App. May 11, 2010) ("*In re W.W. II*"). The Court of Appeal affirmed that decision. *In re W.W. I*, 2009 WL 691882, at *8. On July 7, 2009, in a second case stemming from the June 2006 arrest, the juvenile court found that Plaintiff failed to show a beneficial parent-child relationship and ordered her parental rights terminated. *In re W.W. II*, 2010 WL 1858238, at

---

2011) (same).

[2] Plaintiff filed her complaint without paragraph or page numbers. The citations contained herein reference the page numbers assigned to Plaintiff's complaint upon filing.

2

1  *12. The California Court of Appeal affirmed, and the California Supreme Court denied review.
2  *See id.*

3       On November 7, 2011, Plaintiff filed a complaint in this Court alleging numerous causes of
4  action against Defendant City, Defendant County, the State of California, CPS,[3] and Does 1-100.
5  (Compl. 1.) Although Plaintiff's particular claims are somewhat difficult to decipher, the court
6  construes her complaint broadly to encompass all reasonably intended claims. *See Erickson v.*
7  *Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (stating that document filed by *pro se* plaintiff is to be
8  "liberally construed" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The allegations in
9  Plaintiff's complaint, which arise out of the June 15, 2006 arrest, include general claims of personal
10 and mental injury, malicious prosecution, defamation of character, invasion of privacy, disability
11 and civil rights violations, racial discrimination, negligence, false arrest, Fourth and Sixth
12 Amendment violations, sexual harassment, and "constant torture" based on a CPS employee's
13 statements that the employee planned to recommend the severance of Plaintiff's parental rights.
14 (*See* Compl. 1-2, 6, 9, 12.) The court construes these claims as brought under the following statutes:
15 42 U.S.C. § 1983 (civil rights and constitutional violations, false arrest, racial discrimination),
16 California's Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.* (West 2012), and other civil rights
17 statutes,[4] (civil rights, disability rights and constitutional violations, racial discrimination), and the
18 Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* (disability rights violations),
19 as well as various common law torts. Plaintiff also seeks review of the California Court of Appeal's
20 affirmation of the juvenile court's termination of her parental rights.

---

[3] CPS is an improper party in this action because it is an agency of the County of Alameda. *See Lindsay v. Fryson*, No. 10-cv-02842, slip op. at 1 n.1 (E.D. Cal. Jan. 3, 2012); *Guzman v. Cnty. of Alameda*, No. C 10-2250, slip op. at 1 (N.D. Cal. Sept. 16, 2010); *Rucker v. Sacramento Cnty. Child Protective Servs.*, No. 09-cv-01673, slip op. at 1 (E.D. Cal. June 2, 2010); *Gatts v. Contra Costa Cnty.*, No. 86-1829, 1988 WL 141086, at *2 (9th Cir. Dec. 12, 1988).

[4] In addition to the Unruh Act, the Ralph Act, Cal. Civ. Code § 51.7, and the Bane Act, *id.* § 52.1, protect civil rights. The Ralph Act protects against violence directed toward a particular class of persons, and the Bane Act protects against interference in the free exercise or enjoyment of rights by violence or the threat of violence based on discrimination. *See id.* §§ 51, 51.7, 52.1.

(Left margin: **United States District Court** / For the Northern District of California)

Defendants City and County each move to dismiss Plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The court held a hearing on February 23, 2012.

## II. Legal Standard

A motion under Federal Rule of Civil Procedure 12(b)(1) challenges the jurisdiction of the Court over the subject matter of the complaint. *See* Fed. R. Civ. P. 12(b)(1). "It is elementary that the subject matter jurisdiction of the district court is not a waivable matter," *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 (9th Cir. 1988), and a federal court is "always 'under an independent obligation to examine [its] own jurisdiction,'" *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). A court will dismiss a party's claim for lack of subject matter jurisdiction "only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citation and quotation marks omitted); *see* Fed. R. Civ. P. 12(b)(1). When reviewing a 12(b)(1) motion, the court sculpts its approach according to whether the motion is "facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). Facial challenges, such as the ones at bar, assert that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims alleged in the complaint. *See* Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss for failing to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson*, 551 U.S. at 94, and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citation omitted). A complaint filed by a *pro se* litigant, "'however inartfully pleaded,' must be held to 'less stringent

4

standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'" *Estelle*, 429 U.S. at 106 (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). If the allegations contained in a complaint, for example, show that a relevant statute of limitations bars relief, the complaint is subject to dismissal for failure to state a claim. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## II. Analysis

### A. Plaintiff's Challenge to the California Court of Appeal Decision

Plaintiff seeks review of the decision of the California Court of Appeal, *In re W.W. II*, 2010 WL 1858238, affirming the juvenile court's termination of her parental rights. Under the *Rooker-Feldman* doctrine, a federal court cannot exercise subject matter jurisdiction "over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)). Plaintiff's present attempt to collaterally attack the decision of the California Court of Appeal falls squarely within the purview of the doctrine. The court therefore recommends that the District Court dismiss the claim for lack of subject matter jurisdiction.

### B. Plaintiff's Other Claims

The running of the statute of limitations may properly be raised in a motion to dismiss where its expiration is apparent on the face of the complaint. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Plaintiff's remaining claims are time barred, as the applicable statute of limitations has lapsed on each claim. In California, the statute of limitations for actions arising under § 1983 and the ADA is two years.[5] The statutes of limitations for actions arising under

---

[5] Claims arising under these statutes are governed by the forum state's statute of limitations for personal injury actions which, here, is Cal. Civ. Code § 335.1. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citing *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999)) (applying California's statute of limitations for personal injury to § 1983 claim); *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002) (applying California's statute of limitations for personal injury to ADA claim).

5

1  California's Unruh Act and other state civil rights statutes at their most generous extend to three-
2  and-a-half years, depending upon the nature of the claim.[6]  The statute of limitations for personal
3  injury actions, which also encompasses actions for malicious prosecution and invasion of privacy, is
4  two years.  *See* Cal. Civ. Proc. Code § 335.1; *see also Scannell v. Cnty. of Riverside*, 199 Cal. Rptr.
5  644, 655 (Cal. Ct. App. 1984) (holding that malicious prosecution is subject to § 335.1); *Cain v.*
6  *State Farm Mut. Auto. Ins. Co.*, 132 Cal. Rptr. 860, 862 (Cal. Ct. App. 1976) (setting forth rule that
7  § 335.1, formerly codified at § 340, contains statute of limitations for tortious invasion of privacy).
8  The statute of limitations for defamation is one year.  § 340(c).

9  Each of Plaintiff's claims dates back to 2006, and she filed her complaint on November 7,
10  2011.  Her claims therefore run afoul of their respective statutes of limitations.[7]  The court
11  accordingly recommends that the District Court dismiss Plaintiff's remaining claims with prejudice.

12  At the hearing, the court asked Plaintiff whether she had brought the lawsuit to challenge
13  anything other than the events surrounding her 2006 arrest and the termination of her parental rights
14  over her son.  Plaintiff clearly confirmed that her lawsuit did not challenge any other conduct or
15  events.  Although the ability to amend a complaint should be freely given, Fed. R. Civ. P. 5(a),
16  particularly in cases involving *pro se* plaintiffs, *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir.
17  1987), any attempt to amend this complaint would be futile.  *See Carrico v. City & Cnty. of S.F.*, 656
18  F.3d 1002, 1008 (9th Cir. 2011) (citing *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir.
19  2010)).  The complaint cannot be amended in any manner to resurrect any of Plaintiff's claims

---

[6] Courts often conflate California's Unruh Act, Cal. Civ. Code § 51, with the Ralph Act, *id.* § 51.7, and the Bane Act, *id.* § 52.1, which leads to inconsistent treatment of the relevant statute of limitations. *See Stamps v. Superior Ct.*, 136 Cal. App. 4th 1441, 1449 (Cal. Ct. App. 2006) (analyzing interplay among Unruh, Ralph, and Bane Acts).  None of these anti-discrimination Acts provides a statute of limitations, and courts will apply one of two different statutes of limitations, depending on the nature of the allegation. *See generally Gatto v. Cnty. of Sonoma*, 98 Cal. App. 4th 744 (Cal. Ct. App. 2002).  For liability arising out of common law neglect or personal injury, a two-year statute of limitations applies, but for statutory actions, a three-year limitation applies. *See K.S. ex rel. P.S. v. Fremont Unified Sch. Dist.*, No. C 06-07218, 2007 WL 915399, at *3 (N.D. Cal. Mar. 23, 2007) (citing *Gatto*, 98 Cal. App. 4th at 760); *Kramer v. Regents of Univ. of Cal.*, 81 F. Supp. 2d 972, 978 (N.D. Cal. 1999); *Mitchell v. Sung*, 816 F. Supp. 597, 602 (N.D. Cal. 1993).  Additionally, these statutes of limitations may be extended under certain circumstances by six months pursuant to the Tort Claims Act.  *See* Cal. Gov't Code § 905, *et seq.*  Given Plaintiff's factually sparse complaint, the court cannot determine the relevant statute of limitations governing each state civil rights acts, but under no circumstances could it extend beyond three and a half years.

[7] For this reason, Plaintiff's claims against the State of California also fail.

regarding her 2006 arrest or the loss of her parental rights. For these reasons, the court recommends that Plaintiff's lawsuit be dismissed without leave to amend.

### III. Conclusion

The court orders that the case be reassigned to a District Judge. For the reasons provided above, the court recommends granting Defendants' motions to dismiss and dismissing Plaintiff's complaint without leave to amend. Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Civ. L.R. 72-2.

IT IS SO RECOMMENDED.

Dated: February 29, 2012



_____
DONNA M. RYU
United States Magistrate Judge

7